

COMPLAINT
(for non-prisoner filers without lawyers)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

```
U.S. District Court
Wisconsin Eastern
OCT 27 2025
FILED
Clerk of Court
```

David R. Melby, an incompetent person,
by and through his guardian, Jane Giampaolo,

    Plaintiff

Vs.

Case No. 25-cv-1644

Brad Eggum, Ed Wall, Jon Litscher,

and Kevin Carr

    Defendants

A. Parties

    1. Plaintiff David R. Melby is a citizen of Wisconsin and resides at N1264 County Rd B, Room 201, Coloma, WI 54930

    2. Defendant Brad Eggum is a citizen of Wisconsin and works at the Red Granite Correctional Institution,
      1006 County Rd EE, Redgranite, WI.

    3. Defendant Ed Wall is a citizen of Wisconsin and was the director of the Wisconsin Department of Corrections,
      3099 East Washington Ave. Madison, WI 53704 from October 27, 2012–March 15, 2016.

    4. Defendant Jon Litscher is a citizen of Wisconsin and was the director of the Wisconsin Department of Corrections,
      3099 East Washington Ave. Madison, WI 53704 from March 15, 2016–June 11, 2018.

    5. Defendant Kevin Carr is a citizen of Wisconsin and was the director of the Wisconsin Department of Corrections,
      3099 East Washington Ave. Madison, WI 53704 from January 7, 2019–March 8, 2024.

B. Introduction

Plaintiff David R. Melby is an incompetent adult who brings this complaint via his legal guardian who files this on his behalf and in his best interest under Federal Rule of Civil Procedure 17(c). Plaintiff brings this complaint against Bradd Eggum, Ed Wall, Jon Litscher, and Kevin Carr for damages and declaratory injunctive relief, and alleges as follows:

1. Brad Eggum was a Parole and Probation Officer employed by the Wisconsin Department of Corrections and who directly supervised the Plaintiff David R. Melby during his probation and his parole from December 2014 until he was removed as a Parole Officer on or about December 2021.

2. Ed Wall was the director of the Wisconsin Department of Corrections from October 27, 2012– March 15, 2016. In this regard Ed Wall oversaw the department of corrections rules and procedure including those for probation and parole officers during the times and dates stated hereafter in this complaint. In this capacity he knew or should have known of the departments non-compliance with the Americans with Disabilities act.

3. Jon Litscher was the director of the Wisconsin Department of Corrections from March 15, 2016– June 11, 2018. In this regard Jon Litscher oversaw the department of corrections rules and procedure including those for probation and parole officers during the times and dates stated hereafter in this complaint. In this capacity he knew or should have known of the departments non-compliance with the Americans with Disabilities act.

4. Kevin Carr was the director of the Wisconsin Department of Corrections from January 7, 2019– March 8, 2024. In this regard Kevin Carr oversaw the department of corrections rules and procedure including those for probation and parole officers during the times and dates stated hereafter in this complaint. In this capacity he knew or should have known of the departments non-compliance with the Americans with Disabilities act.

5. All four of the defendants repeatedly and continuously violated Title II of the Americans with Disabilities Act, 42 U.S.C. §§ 12131 *et. seq.*, when they failed to provide reasonable accommodations for the Plaintiff to be able to understand the rules of probation and parole and to provide proper services to the Plaintiff without discrimination due to his mental conditions.

6. The Defendants all had access to the Plaintiffs Psychological examinations done when he was incarcerated by the Wisconsin Department of corrections where he was given psychotropic medications. A psychological examination was done on the Plaintiff when Plaintiff was a defendant in Waushara County case 2013CF000091. Numerous follow-up evaluations were

ordered by the court as part of sentencing yet none were given or considered by the Defendants despite many indications that the Plaintiff was mentally disabled.

7. A very recent, May 2025, psychological examination concluded that the Plaintiff was incapable of understanding his Miranda rights or anything that he signed and agreed to. This information was not made available to the legal guardian until that time. The reports indicate that this inability of the Plaintiff existed for all the time frames indicated in this complaint. The Plaintiffs legal guardian, Jane Giampaolo, read the report and realized that the Defendants had violated her wards legal rights under the ADA act 42 U.S.C. §§ 12131 *et. seq.*

8. The Plaintiffs current legal guardian, Jane Giampaolo, did not have access to any of the Plaintiffs psychological reports until she became his guardian in January 2025.

9. At no time did the Plaintiff have the ability to obtain his own psychological examinations before the time of this filing and has no ability to understand the complexities of his conditions diagnosed therein.

C. Jurisdiction and Venue

10. This Court has subject-matter jurisdiction over Plaintiffs' claims under the ADA pursuant to 28 U.S.C. § 1331 (federal question) and over Plaintiffs' claims under Wisconsin state law pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction) because Plaintiffs' claims arise out of the same nucleus of operative fact and form part of the same case or controversy as Plaintiffs' claims under the ADA.

11. Venue is proper pursuant to 28 U.S.C. § 1391(b) because all of the parties are residents of this judicial district and because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this judicial district.

D. Factual Background

12. The Plaintiff David R. Melby signed a rules agreement on March 10, 2015 when he received 7 years of probation from the Waushara County circuit court case number 2013CM00024.

13. Plaintiff David R. Melby is a learning disabled adult with many diagnosed mental conditions, see attached exhibit A. He has had many legal guardians during the times and dates mentioned

herein and therefore can not legally sign any legal documents without his legal guardians permission.

14. That the defendant Brad Eggum was the probation officer that made the Plaintiff sign the rules.

15. That the defendant Brad Eggum knew that the Plaintiff was a learning-disabled adult that had a legal guardian.

16. The defendant Brad Eggum at no time presented a reasonable alternative to reading and signing rules even after defendant Brad Eggum noted the Plaintiff was having difficulty understanding these rules.

17. All defendants ignored court orders to have further mental health evaluation on the Plaintiff which would have concluded what the attached psychological examination concluded concerning the Plaintiffs ability to understand written instructions and ability to understand the rules he was signing. See Attached Exhibit A.

18. That the lack of a reasonable alternative to understanding these rules led to the revocation of the Plaintiffs probation and subsequent incarceration for 2 years with 10 years extended supervision on January 5, 2015.

19. That the Wisconsin Department of Corrections Director, Defendant Ed Wall was the person in charge of the Department of Corrections on March 10, 2015 and therefore was responsible for the training and procedures of all parole and probation officers including Brad Eggum. He therefore knew or should have know that the ADA rules for mentally disabled adults needed to be followed. This lack of training and/or supervision of the Defendant Brad Eggum caused the Plaintiffs ADA rights to be violated.

20. That the Defendant Jon Litscher was the director of the Wisconsin Department of Corrections from March 15, 2016–June 11, 2018. When the Plaintiff was sentenced the Wisconsin Department of Corrections rules and procedures requires a complete medical evaluation including psychological evaluations. As the director he knew or should have known these procedures and enforced them upon the staff at the correctional facilities. Despite court orders for further evaluation none were conducted on the Plaintiff and his conditions were ignored leading to Plaintiff being assaulted and hospitalized. Had the proper procedures been followed the injuries would have been prevented.

21. Defendant Kevin Carr was the director of the Wisconsin Department of Corrections from January 7, 2019–March 8, 2024. This Defendant was also the Director of the Wisconsin Department of Corrections when the Plaintiff was released from prison and Plaintiff again was forced to sign parole rules, by Defendant Brad Eggum, that he had no capacity to understand with no reasonable alterative being made to assure Plaintiff could understand them with his mental conditions that the Wisconsin Department of Corrections had access to and could have followed court orders to obtain even more detail about those conditions.

22. Plaintiff was released from prison on August 8, 2019 and again Defendant Brad Eggum was his parole officer. Brad Eggum again forced Plaintiff to sign parole rules then, and again on June 30, 2021, with no reasonable alternative being provided for Plaintiffs, now obvious, mental conditions, and inability to understand the rules. Instead, Brad Eggum berated Plaintiff, called him normal, accused him of faking his mental conditions, and created even more rules to restrict the Plaintiff including not being able to have cable TV and other restrictions not placed on any others with the Plaintiffs mental conditions.

23. That at no time did the Wisconsin Department of Corrections follow the judges ruling to have Plaintiff further evaluated psychologically, or consider the psychological report from Plaintiffs court case available to them, which is more than a reasonable request to protect the Plaintiffs rights under the ADA and the U.S. Constitution. This neglect caused severe harm to the Plaintiff physically and psychologically.

24. That Defendant Brad Eggum under the supervision of Defendant Kevin Carr again violated the Plaintiffs ADA rights to a reasonable alternative when they violated Plaintiffs parole leading to another 3 years of incarceration, and more extended supervision, in the Wisconsin Department of Corrections after which he was charged with a felony case number, 2025CF000016, where eventually all felonies were dismissed. That due to this parole violation and subsequent incarceration caused by Brad Eggum the Plaintiffs life was put in danger in the Waushara County jail which would not have occurred if the ADA rules were followed concerning the Plaintiffs ability to understand written instructions and comprehension of those rules either verbal or written.

25. That from August 8, 2019 to August 16, 2021 the Defendant Brad Eggum, and Defendant Kevin Carr as his supervisor of the Department of Corrections, noted many parole violations by the

Plaintiff as well as the Plaintiffs lack of understanding of the rules and the fact he was easily manipulated. Despite noting this they did not require the court ordered additional psychological evaluations and did nothing to make a reasonable alternative for the Plaintiff to understand and comply with those rules.

26. The Plaintiff was released from custody directly to the Waushara County jail in June of 2024 and remained there until December 2024 when the case was dropped. 45 days later charges were refiled and later again all felonies were dropped releasing Plaintiff September 29, 2025 where he remains on parole.

E. Relief Requested.

27. Plaintiff seeks compensatory damages of 150,000 for loss wages, housing fees, and medical expenses.

28. Plaintiff seeks injunctive relief reversing all probation and parole violations caused by the Defendants when they ignored his mental conditions, the ADA rules, and did not provide any reasonable alternative to allow him to understand what he was signing.

29. Plaintiff is seeking 1 million dollars in punitive damages for the egregious violations against the Plaintiff who is a mentally disabled vulnerable adult to ensure that the Defendants do not repeat this horrific offense.

30. Plaintiff seeks 7 million dollars in compensatory damages for pain, suffering, almost losing his life, additional psychological damages, and violations of his ADA rights.

31. Such other relief as the court deems just and proper.

Dated: 10-22-2025

Respectfully Submitted,

*Jane M. Giampaolo*

Jane M. Giampaolo

Legal Guardian for Plaintiff David R. Melby